**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4680**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

HERMAN TERRELL HAITH,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:08-cr-00113-NCT-1)

———————

Submitted:  September 28, 2010        Decided:  October 26, 2010

———————

Before NIEMEYER, SHEDD, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Anna Mills Wagoner, United States Attorney,
Michael F. Joseph, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herman Haith pled guilty, pursuant to a written plea agreement, to three counts of a seven-count indictment: (1) possession with intent to distribute 15.6 grams of crack cocaine (Count Four); (2) possession of a firearm in furtherance of a drug trafficking crime (Count Five); and (3) possession of a firearm after having been convicted of a felony (Count Six). See 18 U.S.C. §§ 922(g), 924(c) (2006); 21 U.S.C. § 841(b) (2006).

The presentence report identified Haith as a career offender, based on prior convictions, and accordingly recommended a base offense level of 37 under U.S. Sentencing Guidelines Manual (USSG) § 4B1.1 (2008). Because he was designated a career offender, Haith's criminal history category was deemed to be category VI. See id. The recommended advisory guideline range was 322-387 months. Haith was sentenced to 322 months imprisonment. He appeals, contending that his sentence is unreasonable because it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2006).

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of the procedural and substantive reasonableness of a sentence. Id.; see also United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010).

2

Procedural reasonableness review involves first determining whether the district court properly calculated the defendant's advisory guideline range, then deciding whether the district court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review.") (internal quotation marks omitted). Finally, this court reviews the substantive reasonableness of the sentence, examining "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

We have reviewed the record and find that Haith's sentence is procedurally and substantively reasonable. The district court properly calculated Haith's sentencing range under the advisory guidelines, addressed the relevant § 3553(a) factors (principally, Haith's upbringing and lack of a male role model, the seriousness of Haith's criminal history, as well as the need for protection of the public and deterrence), and

imposed a sentence at the bottom of the sentencing range. Haith cannot overcome the presumption of reasonableness accorded his within-guidelines sentence. See Rita v. United States, 551 U.S. 338, 347 (2007).

We therefore affirm Haith's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED